O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

ROBERT MANNINO,

Petitioner,

v.

WARDEN, CSP SOLANO, et al.,

Respondents.

Case No. EDCV 08-00659 VBF (AN)

**MEMORANDUM AND ORDER DISMISSING HABEAS PETITION AS TIME-BARRED**

Before the Court is a petition for a writ of habeas corpus ("Petition") brought pursuant to 28 U.S.C. § 2254 by Robert Mannino ("Petitioner"), a state prisoner proceeding *pro se*. For the reasons discussed below, the Petition is dismissed with prejudice because the Court finds it is time-barred.

///

///

///

## I. BACKGROUND

The Petition raises three claims directed at Petitioner's 1991 first degree murder conviction with the use of a firearm enhancement and related prison sentence of twenty-five years to life that he sustained following a guilty plea in the Riverside County Superior Court (No. CR36519). (Pet. 2, Exs. A, D.)

The face of the Petition, attached exhibits, and relevant state court records show Petitioner never filed a petition for review with the California Supreme Court, thereby waiving his right to appeal his judgment of conviction to the highest state court. (Pet. 2-3; Official records of California courts.[1/]) On March 20, 2003, Petitioner filed his first state habeas petition with the Riverside County Superior Court that was denied on March 25, 2003. (Pet. 3, Ex. B.) Relevant state court records also establish that Petitioner subsequently filed two additional habeas petitions with both of the state appellate courts, both of which were denied.[2/]

On September 6, 2006, Petitioner constructively[3/] filed his pending Petition.

---

[1/] The Court takes judicial notice of Petitioner's records in the state trial and appellate courts, which are available on the Internet at http://lasuperiorcourt.org and http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[2/] On September 30, 2004, Petitioner filed his second state habeas petition in the Court of Appeal (No. B178239) that was denied without prejudice for improper venue on October 5, 2004. (Pet. Ex. J.) Consequently, on November 10, 2004, in the proper venue, Petitioner filed a habeas petition with the Court of Appeal (No. E036954) that was summarily denied on November 18, 2004. (Pet. 4, Ex. K.) Next, on May 3, 2005, Petitioner filed a habeas petition in the California Supreme Court (No. S133547) that was summarily denied on April 19, 2006. (Pet. Ex. L.)

[3/] Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule also applies to *pro*

(continued...)

(Pet. 7.) Pursuant to the Court's duty to screen § 2254 petitions, the Magistrate Judge found the face of the Petition, exhibits, and relevant state court records plainly disclosed that this action was barred by the one-year statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. §2244(d)(1)(A). Accordingly, on May 19, 2008, the Magistrate Judge issued an order to show cause that notified Petitioner the action appeared to be time-barred absent some other basis for tolling or an alternative start to AEDPA's one-year limitation period under 28 U.S.C. § 2244(d)(1)(B)-(D). (*See* May 19, 2008, Order to Show Cause Re Dismissal of Habeas Petition As Time-barred ("OSC")). The OSC discussed various bases for tolling and directed` Petitioner to show cause why the action was not time-barred by filing a written response no later than June 9, 2008. (OSC 7:2-5.) The OSC warned Petitioner that his failure to file a timely response to the OSC would result in a waiver of his right to respond to the OSC, and that his Petition would be dismissed with prejudice as time-barred without further notice. (OSC 7:17-22.) On June 9, 2008, Petitioner filed a response to the OSC that includes objections to the OSC and a purported motion for waiver of the AEDPA time bar ("OSC Response"). The matter now stands submitted.

///

///

///

---

[3] (...continued)
*se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The pending Petition was originally filed by the Clerk in the Eastern District of California on September 8, 2006, and the matter was subsequently transferred to this Court and filed herein on May 14, 2008. For purposes of the timeliness analysis, the Court gives Petitioner the benefit of the doubt by assuming he constructively filed the Petition with the Eastern District on September 6, 2006, the date he signed the Petition. (Pet. 7.)

## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, states that "the judge to whom [the petition] is assigned" is required to examine the petition promptly and "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### B. Statute of Limitations

The Petition is governed by AEDPA, which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the Petition was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *See Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997).

In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, where as here, the conviction became final before the enactment of AEDPA, the day after AEDPA's enactment becomes the date upon which the one-year limitation period commences to run. 28 U.S.C. § 2244(d)(1)(A); *see also Malcolm v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002) (holding that AEDPA's statute of limitations period for state prisoners

whose convictions became final prior to AEDPA's enactment is from and including April 25, 1996, to April 24, 1997); *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). As discussed above, Petitioner's judgment of conviction became final long before the enactment of AEDPA. (Pet. 2-3, Ex. D; Official records of California courts.) Therefore, the limitation period started to run on the day after AEDPA's enactment, April 25, 1996, and ended a year later on April 24, 1997. *Id.*

Petitioner missed the deadline because he did not file the pending Petition until September 6, 2006 -- 3,422 days (over nine years) after the statute expired. Therefore, the pending Petition is time-barred unless Petitioner is entitled to statutory or equitable tolling, or an alternate start date to AEDPA's statute of limitations period under 28 U.S.C. § 2244(d)(1).

**C. Statutory Tolling**

AEDPA's one-year limitation period may be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). To qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, his *first* state habeas petition must be constructively filed *before*, not after, the expiration of AEDPA's one-year limitation period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does not permit the reinitiation of the limitation period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (stating that filing of state petition after AEDPA's one-year time period has elapsed bars federal habeas review); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2001).

The face of the Petition, exhibits, and relevant state court records establish that Petitioner waited until March 20, 2003 -- 2,156 days after the expiration of the

limitation period -- to file his first state habeas petition with the Riverside County Superior Court. (Pet. 3, Ex. B.) The relevant state court records also establish that Petitioner subsequently filed two additional habeas petitions with both of the state appellate courts, both of which were denied. (*See supra*, n.2.) Consequently, Petitioner is not entitled to statutory tolling for any of these state habeas petitions because they were all filed long after the limitation period expired. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (a state application for post-conviction relief does not revive the one-year limitation period if it has already expired); *Ferguson*, 321 F.3d at 823; *Jimenez*, 276 F.3d at 482; *Webster*, 199 F.3d at 1259; *Green*, 223 F.3d at 1003. Accordingly, this Court concludes the Petition, which was constructively filed on September 6, 2006, is untimely by 2,156 days.[4/]

## D. Alternative Start of the Statute of Limitations[5/]

### 1. State-Created Impediment

In rare instances, AEDPA provides that its one-year limitation period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). The face of the Petition, attached exhibits, and OSC Response do not set forth any facts

---

4/ Specifically, the 2,156 days represents the untolled time beyond the limitation deadline (April 24, 1997), and the Petition's constructive filing date (September 6, 2006).

5/ In his OSC Response, Petitioner interchangeably uses the terms "state-created impediment," "discovery of factual predicate," and "equitable tolling." (OSC Resp. 3-5.) A closer review of the OSC Response shows Petitioner's allegations are principally premised on the factual predicate and equitable tolling provisions which the Court addresses hereinbelow.

showing that Petitioner is entitled to relief under this provision.

**2. Newly Recognized Constitutional Right**

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitation period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C). The face of the Petition, exhibits, and OSC Response do not set forth any facts that show Petitioner is entitled to relief under this provision.

**3. Discovery of Factual Predicate**

AEDPA also provides that, in certain cases, its one-year limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The face of the Petition and exhibits do not set forth any facts showing that Petitioner is entitled to relief based upon a late discovery of the factual predicate. However, in his OSC Response, Petitioner argues that he is entitled to a later trigger date because he did not discover the basis for his claims until June 22, 2002 -- nearly eleven years after he pled guilty -- when he received a copy of his trial transcripts from his attorney. (OSC Resp. 3-4.) This argument lacks merit. Neither the face of the Petition nor the OSC Response identifies any new evidence or demonstrates that Petitioner used due diligence during the eleven year delay to request his trial transcript and discover the factual predicate. Regardless, even if the Court assumes the later trigger date of June 22, 2002, his federal Petition still remains untimely because the delay still far exceeds the one-year limitation period set forth under AEDPA. 28 U.S.C. § 2244(d)(1).

**E. Equitable Tolling**

"[E]quitable tolling is justified in few cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). "Generally, a litigant

seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005).

In his OSC Response, Petitioner principally proffers two grounds for equitable tolling. As the ensuing analysis demonstrates, both of Petitioner's asserted grounds fail to satisfy the *Pace* elements for equitable tolling.

**1. Inadequate Law Library**

Petitioner claims he should be entitled to equitable tolling from June 22, 2002, until March 25, 2003,[6/] at the very least, because of restrictions on meaningful law library access due to his placement in administrative segregation and prison lockdowns in violation of his due process rights. (OSC Resp. 3-4.) He complains he was denied access to all of his legal materials and priority access to the law library, causing a delay in filing his habeas petitions. (*Id.*) This argument lacks merit for two reasons. First and foremost, Petitioner fails to establish that he made any timely or proper requests for access to the law library during the relevant period in order to prepare and file his pending Petition, and that his requests for access were denied.

Second, the Court notes that such restrictions do not generally qualify as an "extraordinary circumstance" sufficient to equitably toll the statute of limitations for federal habeas petitions. *See Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2002) (as amended) (holding that the lack of access to library material does not automatically qualify as grounds for equitable tolling); *Rosati v. Kernan*, 417 F. Supp. 2d 1128, 1132 (C.D. Cal. 2006); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (petitioner's

---

[6/] Petitioner contends he was on lockdown "for over half the time" between "6/22/02 to 3/25/02" which the Court construes as an inadvertent typographical error and assumes he was in lockdown through March 25, 2003. (OSC Resp. 3:21-22.) Aside from this defined period in lockdown, Petitioner fails to assert or show he was in lockdown or administrative segregation at any other relevant period of time. Regardless, as the ensuing analysis makes clear, Petitioner's vague and conclusory allegations are insufficient to establish a basis for equitable tolling.

alleged lack of access to law library materials and resulting unawareness of the limitation period until it was too late did not warrant equitable tolling); *Wilders v. Runnels*, No. C031478 CRB (PR), 2003 WL 22434102, *3 (N.D. Cal. 2003); *Atkins v. Harris*, No. C 98-3188 MJJ (PR), 1999 WL 13719, *2 (N.D. Cal. 1999).

Prison officials typically provide prison law libraries or legal assistants to ensure that prisoners "have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Lewis v. Casey*, 518 U.S. 343, 356, 116 S. Ct. 2174 (1996). However, prison officials of necessity must regulate the time, manner and place in which library facilities and legal assistant programs are used. *See Lindquist v. Idaho State Bd. of Corr.*, 776 F.2d 851, 858 (9th Cir. 1985). Not surprisingly, lockdowns, placement in administrative segregation/solitary confinement, and other common restrictions on access to the law library and legal assistant programs, generally do not qualify as "extraordinary circumstances." *Lindo v. Lefever*, 193 F. Supp. 2d 659, 663 (E.D.N.Y. 2002). There is no due process violation so long as an inmate has the basic capability of presenting his claims to the courts, irrespective of the "capability of turning pages in a law library." *Lewis*, 518 U.S. at 356-57.

Here, while Petitioner tries to explain he could not use the prison library to work on his habeas petitions because he had been placed in administrative segregation and lockdowns, he has not shown how these purported events delayed his filings. Despite Petitioner's alleged inability to use the library and access his legal materials from June 22, 2002, through March 25, 2003, he admitted, and the record established Petitioner managed to successfully file his first state habeas petition in the superior court *during* the alleged lockdown period, and three additional habeas petitions thereafter. (Pet. 3-4; OSC Resp. 3.) Indeed, these filings suggest he was not inhibited in any way from making timely filings. Thus, Petitioner has failed to show any causal link between his alleged inability to use the library and access his materials and his failure to file a timely federal habeas petition. *See Allen v. Lewis*, 255 F.3d 798, 800-01 (9th Cir.

2001) ("at the very least, the prisoner must show that the 'extraordinary circumstances' were the but-for and proximate cause of his untimeliness").

Petitioner's inadequate law library claim fundamentally ignores the clearly established premise that "prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis*, 518 U.S. at 351. "[M]eaningful access to the courts is the touchstone . . . and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered [his] efforts to pursue a legal claim." *Id*. Thus, Petitioner has failed to meet his burden of establishing the alleged limited access made timely filing *impossible*. *Brambles v. Duncan*, 412 F.3d 1066, 1069 (9th Cir. 2005).

Further, even assuming that, for purposes of the timeliness analysis, equitable tolling from June 22, 2002, through March 25, 2003, is warranted because of the restrictions on law library access and legal materials, the Petition is still time-barred because, as the foregoing analysis makes clear, Petitioner was not diligent in pursuing his remaining state habeas petitions during other relevant periods. Specifically, Petitioner waited nearly six months before he filed his second habeas petition with the Court of Appeal, which was denied without prejudice because it was filed in the wrong venue. Likewise, after the subsequent state habeas petition was refiled with the proper Court of Appeal and denied, Petitioner waited nearly five months to file his pending Petition. Accordingly, Petitioner has failed to show that he has been diligently pursuing his rights throughout the entire limitation period. *See Pace*, 544 U.S. at 418 (a petitioner seeking equitable tolling must establish, among other things, that he has been pursuing his rights diligently).

**2. Lack of Legal Training, Representation, and/or Education**

Petitioner next contends he is entitled to equitable tolling, principally because of his lack of legal training, assistance, and education. (OSC Resp. 3-4.) The Court

rejects such contention. Neither the lack of legal training, assistance, nor ignorance of the law qualify as extraordinary circumstances warranting equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling" of AEDPA's limitation period); *Ekenberg v. Lewis*, No. C 98-1450 FMS (PR), 1999 WL 13720, *2 (N.D. Cal. Jan. 12, 1999) ("Ignorance of the law and lack of legal assistance do not constitute such extraordinary circumstances."); *Bolds v. Newland*, No. C 97-2103 VRW (PR), 1997 WL 732529, *2 (N.D. Cal. Nov. 12, 1997) (same); *see also Hinton v. Pac. Enter.*, 5 F.3d 391, 396-97 (9th Cir. 1993) (mere ignorance of the law generally is an insufficient basis to equitably toll the running of an applicable statute of limitations); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (neither "lack of knowledge of applicable filing deadlines," nor "unfamiliarity with the legal process," nor "lack of representation during the applicable filing period," nor "illiteracy," provides a basis for equitable tolling); *cf. Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir.1986) (holding pre-AEDPA that illiteracy of pro se prisoner is insufficient to meet standard of an objective, external factor amounting to "cause" for purposes of avoiding procedural bar on habeas claims). Here, Petitioner's conclusory and ambiguous contentions are insufficient to warrant equitable tolling. *See Allen*, 255 F.3d at 800-01.

The foregoing shows that Petitioner is not entitled to equitable tolling because he has failed to satisfy either of the *Pace* elements. Petitioner has not met his burden to show he was reasonably diligent in pursuing federal habeas relief throughout the time that AEDPA's limitation period was running, nor has he established that any extraordinary circumstance beyond his control made it *impossible* for him to file the Petition on time, despite having an opportunity to do so. *Brambles*, 412 F.3d at 1069.

Therefore, the Court concludes that the face of the Petition, exhibits, OSC Response, and state court records show the current action is time-barred.

**O R D E R**

The Court finds the Petition must be dismissed because it is time-barred for the reasons stated above and in the Court's OSC. Further, by way of the OSC, the Court finds Petitioner has already received notice and an opportunity to show cause why the Petition should not be dismissed as time-barred, which Petitioner has taken advantage of by filing his aforementioned OSC Response. In this regard, the Court has reviewed the OSC Response and finds the objections to the OSC and motion for waiver of the AEDPA timebar lack merit, therefore, the objections are overruled and the motion for waiver is denied. ACCORDINGLY, IT IS HEREBY ORDERED THAT the reference to the Magistrate Judge is vacated and the Petition is dismissed with prejudice. The Clerk is directed to enter judgment dismissing the action with prejudice. Any and all pending motions are terminated.

DATED: July 31, 2008

Valerie Baker Fairbank

VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

Presented by:

ARTHUR NAKAZATO

Arthur Nakazato
United States Magistrate Judge